UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VICTOR McCLENDON (#482673)                                    CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                                  NO. 12-0615-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petitioner, Victor McClendon, challenges his convictions, entered in 2004 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on four counts of aggravated rape, one count of forcible rape, and four counts of second degree kidnaping.  He contends that (1) his right to due process was violated when his case was not randomly allotted in the state trial court, (2) his motion to sever the trials of the separate offenses was wrongly denied, (3) he was a victim of vindictive prosecution which resulted in a violation of his rights to due process and confrontation, (4) the trial court erred in allowing hearsay evidence before the jury in the form of a purported excited utterance, (5) the trial court erred in allowing other crimes evidence before the jury, (6) the evidence was insufficient to support the verdicts, (7) the consecutive sentences were excessive and unjustified, (8) he was improperly convicted of certain of the offenses with non-unanimous verdicts, (9) he was provided with ineffective assistance of counsel on appeal, (10) he was provided with ineffective assistance of counsel at trial, (11) the verdicts were not in proper form, and (12) the indictment was defective.

The petitioner was initially charged on July 17, 2002, by grand jury indictment, with two

counts of aggravated rape and two counts of second degree kidnaping. On August 21, 2002, a superceding indictment was issued which charged the petitioner with six counts of aggravated rape and six counts of second degree kidnaping, with the associated rape and kidnaping offenses having allegedly occurred on six separate dates and having involved six separate victims. Whereas the initial indictment had been allotted to Section II of the district court, the superceding indictment was allotted to Section V thereof. After a trial by jury conducted in May, 2004, the petitioner was found guilty in connection with four of the counts of aggravated rape and four of the counts of second degree kidnaping. On one of the counts of aggravated kidnaping, the petitioner was found guilty of the responsive offense of forcible rape. Finally, the jury acquitted the petitioner in connection with one of the counts of aggravated rape and with two of the counts of second degree kidnaping.

After preparation of a pre-sentence investigation report, the petitioner was sentenced, on July 1, 2004, to consecutive terms of life imprisonment on each of the four (4) counts of aggravated rape, to forty (40) years in confinement on each of the four (4) counts of second degree kidnaping and to forty (40) years in confinement on the count of forcible rape. The sentences for the rape and kidnaping as to each victim were directed to be served concurrently with each other but consecutively to the sentences imposed in connection with the other victims and offenses, and the sentence for forcible rape was directed to be served consecutively to all other sentences.

In his direct appeal, the petitioner argued that (1) his right to due process was violated when his case was not randomly allotted in the state trial court, (2) his motion to sever the trials of the separate offenses was wrongly denied, (3) he was a victim of vindictive prosecution which resulted in a violation of his rights to due process and confrontation, (4) the trial court erred in

allowing hearsay evidence before the jury in the form of a purported excited utterance, (5) the trial court erred in allowing other crimes evidence before the jury, (6) the evidence was insufficient to support the verdicts, (7) the consecutive sentences were excessive and unjustified, and (8) he was improperly convicted of certain of the offenses with non-unanimous verdicts.  On March 24, 2006, the petitioner's convictions and sentences were affirmed by the Louisiana Court of Appeal for the First Circuit.  State v. McClendon, 925 So.2d 773 (La. App. 1st Cir. 2006).  The petitioner thereafter sought supervisory review in the Louisiana Supreme Court, which court denied review on October 27, 2006.  State v. McClendon, 939 So.2d 1276 (La. 2006).  Upon the failure of the petitioner to file an application for a writ of certiorari in the United States Supreme Court, his convictions became final on January 25, 2007, after expiration of the ninety-day period allowed for him to do so.

Approximately eight (8) months later, on or about September 27, 2007,[1] the petitioner filed an application for post-conviction relief ("PCR") in the state trial court, wherein he asserted that (1) he was denied his constitutional right to present a defense, right to confrontation and cross-examination, right to a fair trial, equal protection, and due process, and right to effective assistance of counsel due to a violation of his right to confrontation, citing Crawford v. Washington, 541 U.S. 36 (2004), (2) he was provided with ineffective assistance of counsel on appeal when his attorney failed to present arguments relative to Crawford and relative to the

---

1. Although the petitioner's application for post-conviction relief was docketed as filed in the state trial court on October 2, 2007, the Court will apply the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266, 271 (1988), pursuant to which an inmate petitioner is deemed to have filed his habeas corpus pleading on the date that he placed it in the prison mailing system and not on the date that it was ultimately docketed by the receiving court.  Accordingly, inasmuch as the petitioner signed his state court application on September 27, 2007, the Court will utilize that date as the date of the petitioner's filing.

alleged insufficiency of the indictment and verdicts, (3) he was provided with ineffective assistance of counsel at trial when his attorney failed to explicitly rely upon Crawford in objecting to testimony relative to one of the alleged victims, (4) the trial court erroneously accepted guilty verdicts which were not in proper form, and (5) the indictment was defective.  On April 19, 2011, the state court commissioner recommended that the petitioner's claims be dismissed, in part as procedurally barred and in part as being without substantive merit, and on June 28, 2011, the trial judge adopted the commissioner's recommendations and dismissed the petitioner's PCR.

According to the petitioner,[2] he submitted to the state trial court on July 28, 2011, thirty days after entry of the judgment, a notice of intent to seek supervisory review in the state appellate court.  Thereafter, on or about August 4, 2011,[3] he filed a writ application with the Louisiana Court of Appeal for the First Circuit.  The state appellate court, however, denied the

---

2. The state court record does not include any indication that the petitioner in fact submitted the referenced notice of intent to seek supervisory review for filing in the state trial court or that he requested an extension of the 30-day time limit to seek such review as required by Rule 4-3 of Louisiana's Uniform Rules.  Nor does it appear that the state trial court ever acted on the petitioner's supposed notice of intent by setting a return date within the 30-day period, as mandated by the Uniform Rules, or by setting a later return date.  The only evidence submitted by the petitioner suggesting that the notice of intent was submitted for filing is a copy of a prison mail form dated July 28, 2011, pursuant to which the petitioner apparently requested that an item of indigent legal mail be sent to the Clerk of Court for the 19th Judicial District Court.  See rec.doc.no. 18-1.  This Court is not persuaded that such evidence establishes that the petitioner submitted a legally sufficient notice of intent to seek supervisory review for filing on that date.  See Peralta v. Cain, 2006 WL 2366387 (E.D. La. Aug. 14, 2006) (questioning the petitioner's submission of a supposed notice of intent to seek supervisory review which did not appear in the state court record and was never acted upon by the trial judge).  Specifically, he does not provide the Court with a copy of the notice of intent and he does not assert that he requested therein an extension of the time to file a supervisory writ with the appellate court.  Notwithstanding, for purposes of argument, the Court will assume that he did so and, as discussed hereafter, will give the petitioner the benefit of having done so.

3. Although the petitioner's writ application was docketed as filed in the state appellate court on August 8, 2011, it was apparently submitted to prison officials for filing on August 4, 2011.  See note 1, supra.

4

writ application on October 24, 2011, without substantive review, finding that the petitioner had failed to comply with the procedural requirements set forth in Louisiana's Uniform Rules – Courts of Appeal, which Rules identify specific documentation which a petitioner must provide when filing an application for supervisory review.[4]  Specifically, the court stated:

> **WRIT DENIED ON THE SHOWING MADE.**  Relator failed to include a copy of his indictments, the commissioner's report, the state's answer to his application for postconviction relief, all pertinent transcripts and minute entries, and other portions of the district court record that might support the claims raised in the application for postconviction relief.

The petitioner did not thereafter file a second application for supervisory review with the intermediate appellate court or provide the omitted documentation.  Instead, on or about November 14, 2011,[5] he filed an application for supervisory review with the Louisiana Supreme Court, which application was denied, without comment, on July 27, 2012.  See State ex rel. McClendon v. State, 93 So.3d 589 (La. 2012).

On or about September 19, 2012,[6] the petitioner filed the instant habeas corpus proceeding in this Court.  The State contends that the petitioner's application in this Court is untimely.

---

   4. Rule 4-5 provides, in pertinent part, that an application for supervisory writs "shall contain ... a copy of the judgment, order, or ruling complained of ... a copy of the judge's reasons for judgment, order, or ruling ... a copy of each pleading on which the judgment, order, or ruling was founded, including ... the indictment or the bill of information in criminal cases ... a copy of any opposition and any attachments thereto filed by a party in the trial court ... a copy of pertinent court minutes ... the notice of intent and return date order required by Rules 4-2 and 4-3 ...."

   5. Although the petitioner's application for supervisory review was docketed as filed in the Louisiana Supreme Court on November 22, 2011, it was signed by the petitioner on November 14, 2011.  See note 1, supra.

   6. Although the petitioner's application for supervisory review was docketed as filed in the this Court on September 27, 2011, it was signed by the petitioner on September 19, 2011.  See note 1, supra.

The Petitioner's Application is Untimely

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period runs from the date upon which the judgment becomes final through conclusion of direct review or through expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by this statute, the time during which a properly filed application for state post-conviction or other collateral review is pending with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), citing Artuz v. Bennett, 531 U.S. 4, 8 (2000). A state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is authorized to proceed to review at the next level of state consideration. Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final on January 25, 2007, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. The petitioner then allowed two hundred and forty-five (245) days of un-tolled time to elapse prior to his filing of an application for post-conviction relief ("PCR") in the state district court on or about September 27, 2007. In addition, upon completion of proceedings in connection with the petitioner's PCR application, through denial of the petitioner's request for supervisory review in the Louisiana Supreme Court on July 27, 2012, the petitioner then allowed an additional fifty-four (54) days of un-tolled time to elapse prior to the filing of his federal habeas corpus application in this Court on or about September 19, 2012.

Accordingly, it is clear that, prior to commencement and after completion of the petitioner's PCR proceedings, a total of two hundred and ninety-nine (299) days elapsed on the one-year time clock during which the petitioner did not have pending any applications for post-conviction or other collateral relief before the state courts.  The question then becomes whether, during the intervening time period, i.e., during the time between the filing of the petitioner's PCR application in the state district court on September 27, 2007, and the completion of his PCR proceedings in the Louisiana Supreme Court on July 27, 2012, his application ceased to be pending and/or ceased to be properly filed for any period of time.  See Melancon v. Kaylo, supra, 259 F.3d at 405 (recognizing that a pending PCR application must have been properly filed in order for the limitations period to remain tolled).  As discussed hereafter, the Court concludes that it did so cease.

Upon the filing of the petitioner's initial PCR application on September 27, 2007, the limitations period remained tolled until June 28, 2011, on which date the state trial court denied the petitioner's application.  Pursuant to Rules 4-2 and 4-3 of Louisiana's Uniform Rules, Courts of Appeal, the petitioner then had, in the absence of an extension, thirty (30) days, or until July 28, 2011, within which to file a notice of intent to seek supervisory review in the trial court and, upon the setting of a return date by the trial court, an application for supervisory review in the Louisiana Court of Appeal for the First Circuit.[7]  Although the petitioner asserts that he submitted

---

7. Rule 4-2 provides, in pertinent part, that:

The party ... intending to apply to the Court of Appeal for a writ shall give ... notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

Rule 4-3 provides:

a timely notice of intent to seek supervisory review in the trial court on July 28, 2011, the state court record, as noted above, does not reflect that such pleading was ever received, filed or acted upon by the state court.  See note 2, supra.  Assuming, arguendo, that the petitioner did in fact submit to the state trial court a notice of intent to seek supervisory review on July 28, 2011, which was the 30-day deadline, the Court will grant him the benefit of additional tolling of the limitations period for the 7-day interval between that date and August 4, 2011, the date that he thereafter submitted his writ application to the appellate court.  This is because a timely-filed notice of intent to seek supervisory review in the state trial court may, under certain circumstances, be seen to extend the tolling period when acted upon by the state court, or even when not acted upon.  See Dixon v. Cain, 316 F.3d 553, 555 (5th Cir. 2003) (concluding that where a petitioner had filed in the state trial court a timely notice of intent to seek supervisory review, requesting therein and obtaining a return date outside of the mandated 30-day time period provided by Rule 4-3, the trial court had effectively granted the petitioner an extension of time to

---

> The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the appellate court.... In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue. When the judge orders the ruling to be reduced to writing in criminal cases, the return date shall not exceed 30 days from the date the ruling is signed. In all cases, the judge shall set an explicit return date; an appellate court will not infer a return date from the record.
>
> Upon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period. An application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault. The application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court.

file his writ application); Grillette v. Warden, Winn Correctional Center, 372 F.3d 765 (5th Cir. 2004) (finding that where the petitioner had given timely verbal notice of intent to seek supervisory review, and the trial judge had assured the petitioner that a return date would be set in the future, the petitioner who had relied upon the judge's assurances was entitled to additional tolling during the ensuing interval, particularly where the appellate court thereafter engaged in substantive review); Varnado v. Cain, 2003 WL 1057582 (E.D. La. March 5, 2003) (finding that where the petitioner had filed a timely notice of intent to seek supervisory review, but the trial judge had never acted by setting a return date for filing in the appellate court, the petitioner was nonetheless entitled to additional tolling when he filed his writ application in the appellate court 2½ months later, particularly where the appellate court thereafter engaged in substantive review). Cf., Melancon v. Kaylo, supra (finding that the petitioner was not entitled to additional tolling where his notice of intent to seek supervisory review was untimely filed, ab initio, in the state trial court); Johnson v. Warden, Louisiana State Penitentiary, 2007 WL 2350243 (W.D. La. Aug. 6, 2007) (same). For purposes of argument, therefore, the Court finds that the petitioner's post-conviction relief proceedings remained pending between July 28, 2011, the date that he supposedly submitted a notice of intent for filing in the state trial court, and August 4, 2011, the date that he thereafter filed his writ application in the state appellate court, and that the limitations period remained tolled until the latter date.

      Notwithstanding the foregoing, the State argues, and the Court agrees, that the petitioner's application for supervisory review, which he filed in the intermediate appellate court on August 4, 2011, was not "properly filed" and so did not continue to toll the limitations period. This is because the petitioner did not comply with state procedural rules and did not attach to his application the documentation required to be attached thereto by Rule 4-5 of the Uniform Rules.

As a result, the intermediate appellate court thereafter explicitly denied the petitioner's application because of this procedural deficiency on October 24, 2011.  Accordingly, although the petitioner's application in the appellate court was "pending" between August 4 and October 24, 2011, it was not "properly filed" within the meaning of § 2244(d)(2) and, as a result, the petitioner is not entitled to tolling during the pendency of that application.  Instead, there was only an improperly filed application pending and, thus, the running of the limitations period re-commenced on August 4, 2011, and continued running until, at least, the date that the intermediate appellate court denied the petitioner's writ application on October 24, 2011.

In support of the above conclusion, the Court notes, as previously stated, that a state application for post-conviction relief is "properly filed" pursuant to § 2244(d)(2) only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, supra, 531 U.S. at 8.  See also Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) (holding that a properly filed application is "one that conforms with a state's applicable procedural filing requirements").  In Larry v. Dretke, 361 F.3d 890 (5th Cir.), cert. denied, 543 U.S. 893 (2004), the Fifth Circuit summarized the law governing when a state application is "properly filed", and concluded, relative to procedural filing rules, that if the applicable procedural rule "provides 'no exceptions' and the court need not examine 'issues related to substance' to apply the procedural rule then the application is not 'properly filed.'" Id. at 893, citing Emerson v. Johnson, 243 F.3d 931, 933-34 (5th Cir. 2001) (finding that an application is not "properly filed" where the procedural rule at issue "seemingly provides no exceptions and does not require an examination of the merits of the [petitioner's] claim").  The decision in Edwards v. Cockrell, 2003 WL 21321231 (N.D. Tex., June 5, 2003), affirmed, 116 Fed. Appx. 470 (5th Cir. 2004), is also instructive.  In that case, the state habeas corpus petitioner had failed to comply

with a procedural rule which required him to set out his grounds for relief in the body of his habeas corpus form and not by reference to an attached document.  The state clerk of court nonetheless accepted the application for filing, and the trial court substantively addressed the claims asserted therein.  Upon subsequent review by the state appellate court, however, the court rejected the petitioner's application in its entirety because the initial filing had failed to comply with the referenced procedural rule.  When the petitioner thereafter filed an application for federal habeas review, the court determined that the petitioner's application was untimely, specifically because, although his application had been "pending" for some period of time before the state courts, it had never been "properly filed" so as to interrupt the limitations period.  Moreover, the mere fact that the application had been accepted for filing in the state trial court and had been substantively reviewed by that court did not render the state application "properly filed".  This determination was thereafter upheld by the United States Court of Appeals for the Fifth Circuit.  See Edwards v. Dretke, 116 Fed.Appx. 470 (5th Cir. 2004).

      Turning to the instant case, Rule 4-5 of Louisiana's Uniform Rules, Courts of Appeal, sets forth the documentation that "shall" be filed with an application for supervisory review.  There is no exception stated in the Rule which would allow a court to review an application which is not compliant therewith.  Moreover, as a practical matter, the reviewing court would be unable to evaluate the substantive merit of a petitioner's claim in the absence of the required documentation.  In the instant case, the petitioner's application for supervisory review in the Louisiana appellate court was denied for failure to comply with this procedural Rule, specifically because the petitioner "failed to include a copy of his indictments, the commissioner's report, the state's answer to his application for postconviction relief, all pertinent transcripts and minute entries, and other portions of the district court record that might support the claims raised in the

application for postconviction relief." In other words, the petitioner failed to provide documentation which the appellate court needed to evaluate the substantive merit of the petitioner's claims.

In Dugas v. Cain, 2010 WL 2816247 (W.D. La., May 25, 2010), the United States District Court for the Western District of Louisiana addressed a situation similar to that presented herein. In that case, after the denial of the petitioner's PCR application in the state trial court, the petitioner apparently filed two writ applications in the intermediate appellate court. Both of these applications were denied on procedural grounds, the first because the application was premature and the second because, as here, the petitioner failed to comply with Louisiana Rule 4-5 by failing to provide, inter alia, copies of the judgment complained of, the pleadings on which the judgment was founded, and the trial court's reasons for judgment. In thereafter addressing the timeliness of the petitioner's application for habeas corpus relief in federal court, the Court concluded that neither of these applications had tolled the limitations period "because both of the writs ... were not 'properly filed.'" Id. at *5. See also 2010 WL 2836278 (W.D. La. July 15, 2010) (adopting the Magistrate Judge's Report and Recommendation entered in that case).

Similarly, in Mark v. Michael, 2008 WL 4365929 (E.D. La., Sept. 23, 2008), an identical situation was presented, and whereas the Court ultimately concluded that the petitioner's habeas corpus application was independently untimely, the Court addressed the effect which would have been given to the petitioner's state court application for supervisory review in the intermediate appellate court, which application had failed to comply with Rule 4-5 and which application had been explicitly denied for that reason. As stated by the Court in Mark:

> [E]ven if the disputed writ application had been [timely] filed ..., it would change nothing here because it was not "properly filed" as required for tolling credit under 28 U.S.C. § 2244(d)(2). It is clear that a "properly filed application" is "one that conforms with a

> state's applicable procedural filing requirements," i.e. "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." Villegas v. Johnson, [supra]. Therefore, to be "properly filed," an application must comply with the applicable "rules governing filings," including "the form of the document." Artuz v. Bennett, [supra]. Under the applicable rules of Louisiana state courts, an appellate court writ application must include all pertinent documents from the lower court .... Louisiana Uniform Rules - Courts of Appeal, Rule 4-5. Without any level of substantive review, the Louisiana First Circuit Court of Appeal rejected petitioner's application for noncompliance with that procedural rule .... Therefore, regardless of when [the petitioner's] application was filed, it was not "properly filed."

Id. at *3 n. 18. See also Clarke v. Rader, 2012 WL 589207 (M.D. La. Jan. 20, 2012), affirmed, 721 F.3d 339 (5th Cir. 2013) (concluding that a writ application filed without the documentation required by the Rule 4-5 was "not 'properly filed' for purposes of § 2254(d)(2)" and did not toll the limitations period); Howard v. Cain, 2011 WL 3794909 (M.D. La. Aug. 2, 2011) (same).

Based on the foregoing, this Court similarly concludes that the petitioner's filing of his application for supervisory review in the Louisiana appellate court on August 4, 2011, which application did not comport with the procedural requirements of Uniform Rule 4-5 and which application was denied for that reason, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). As a result, beginning on that date, he no longer had a properly filed application for post-conviction or other collateral review pending before the state courts. See Artuz v. Bennett, supra, 531 U.S. at 9 (recognizing that a state court application for post-conviction relief may be "pending, but not properly filed" (emphasis in original)). Accordingly, an additional period of at least eighty-one (81) days of un-tolled time elapsed between August 4, 2011, and October 24, 2011, the date upon which the appellate court denied his writ application.[8] This additional period,

---

8. It is possible that tolling of the petitioner's limitations period never recommenced, even after the intermediate appellate court denied his writ application on October 24, 2011. Specifically, the petitioner did not re-submit his writ application to the appellate court or provide the required documentation and so never cured the noted procedural deficiency. Although he thereafter filed a timely application for supervisory review in the Louisiana Supreme Court, the

combined with the 299 days which have already been determined to have elapsed on the one-year limitations clock, results in a total of 380 days of un-tolled time, and compels the determination that the petitioner's application in this Court is untimely and must be dismissed.

Finally, although this Court has the power to equitably toll the limitations period, Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999), the Court finds no compelling reason to recommend tolling in this case. Equitable tolling of the 28 U.S.C. § 2244(d) time-bar is permitted only "in rare and exceptional circumstances." Id. The doctrine "applies principally where the plaintiff is actively misled ... about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000). Ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or legal assistance, and inadequacies in the prison law library are not sufficient to warrant equitable tolling. Tate v. Parker, 439 Fed. Appx. 375, 376 (5th Cir. 2011); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir.), cert. denied, 531 U.S. 1035 (2000); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Further, it has consistently been held that the petitioner bears the burden of proving equitable tolling in this context. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In addition, the petitioner is required to show that he has been diligently pursuing his rights. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010).

In the instant case, the petitioner has made no attempt to meet his burden. Although he

---

effect of that application would have been principally to review the action of the lower appellate court in procedurally dismissing the petitioner's application without review, not to substantively review the petitioner's claims, which claims had not been substantively reviewed in the lower court. This Court need not address this issue, however, because the Court has concluded that the instant proceeding is untimely in any event.

asserts in conclusory fashion that inmate legal assistants at the prison have failed to "properly or timely prepare" his legal work , that the prison library is "inadequate" and that there is a "lack of legal assistance" at his place of incarceration, see rec.doc.no. 16, these assertions are not supported by any factual detail or specificity.  Accordingly, the Court declines to recommend equitable tolling in this case.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on October 2, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VICTOR McCLENDON (#482673)                                CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                              NO. 12-0615-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 2, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE