UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VICTOR MCCLENDON                                      CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                  NO. 12-00615-BAJ-RLB

RULING AND ORDER

Before the Court is Petitioner's **Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). (Doc. 30).**

I.   BACKGROUND

On September 27, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Therein, Petitioner asserted multiple challenges to his convictions, including a challenge to the non-unanimous verdicts received on several counts. (*See* Doc. 7; Doc. 19, p. 1). The Magistrate Judge recommended that Petitioner's application for habeas corpus relief be denied as untimely pursuant to 28 U.S.C. § 2254(d). (Doc. 19). The Court approved the Magistrate Judge's Report and Recommendation, adopted it as the Court's opinion, and dismissed Petitioner's § 2254 Petition with prejudice. (Doc. 21; Doc. 1).

The Court notes that prior to filing his September 27, 2012 Petition in this Court, Petitioner appealed his conviction in state court. *State v. McClendon*, 2005-0273 (La. App. 1st Cir. 3/24/06), 925 So. 2d 773, *writ denied*, 2006-0945 (La. 10/27/06), 939 So. 2d 1276. There, Petitioner also appealed certain convictions

1

that resulted from non-unanimous verdicts. (Doc. 12, p. 6). The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence. *State v. McClendon*, 2005-0273 (La. App. 1st Cir. 3/24/06), 925 So. 2d 773, *writ denied*, 2006-0945 (La. 10/27/06), 939 So. 2d 1276. The Louisiana Supreme Court denied certiorari. *State v. McClendon*, 2006-0945 (La. 10/27/06), 939 So. 2d 1276.

Petitioner now brings a Rule 60(b) Motion arguing that he was "convicted non-unanimously on Counts 1, 2, 10, and 12," and *Ramos v. Louisiana*, — U.S. —, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020) "held that Louisiana's non-unanimous majority verdict scheme was unconstitutional." (Doc. 30, p. 2–3).

## II. DISCUSSION

In his Rule 60(b) Motion, Petitioner seeks to have his habeas proceeding reopened based on an alleged substantive change in the law brought about by *Ramos v. Louisiana*, —— U.S. ——, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020).

The United States Supreme Court has found that a Rule 60(b) motion contending that a "subsequent change in substantive law is a reason justifying relief, Fed. Rule Civ. Proc. 60(b)(6)," should be treated as a successive habeas petition.[1] *Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005) (internal citations and quotations omitted). The Court explained, "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a

---

[1] The Court declared, "[v]irtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct." *Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005) (internal citations omitted).

2

'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute[,]" 28 U.S.C. § 2254. *Id.* Accordingly, the Court will treat Petitioner's Rule 60(b) Motion as a successive habeas petition. (Doc. 64).

28 U.S.C. § 2244(b)(1) and (2) authorize dismissal of "second or successive" habeas corpus petitions unless certain requirements are satisfied.[2] Additionally, 28 U.S.C. § 2244(b)(3) directs a petitioner filing a "second or successive" habeas petition to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court. Permitting a Rule 60(b) motion without prior authorization "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar[,] § 2244(b)(3)." *Gonzalez*, 545 U.S. at 532.

---

[2] 28 U.S.C. § 2244(b)(1) and (2) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In the instant case, Petitioner did not seek an Order from the United States Court of Appeals for the Fifth Circuit authorizing this Court to consider his successive petition as required by 28 U.S.C. § 2244(b)(3). Accordingly, the Court does not have jurisdiction to consider Petitioner's Rule 60(b) Motion.[3]

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (Doc. 30)** is **DENIED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 28th day of July, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] The Court, however, directs the *pro se* Petitioner to the United States Supreme Court's recent decision in *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551, 209 L. Ed. 2d 651 (2021), wherein the Court held:

> Last Term in *Ramos v. Louisiana*, 590 U. S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), this Court held that a state jury must be unanimous to convict a criminal defendant of a serious offense. *Ramos* repudiated this Court's 1972 decision in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184, which had allowed non-unanimous juries in state criminal trials. **The question in this case is whether the new rule of criminal procedure announced in *Ramos* applies retroactively to overturn final convictions on federal collateral review. Under this Court's retroactivity precedents, the answer is no.**

*Edwards*, 141 S. Ct. at 1551 (emphasis added).